**CITY OF AVON LAKE, Appellee,**

v.

**PINSON, Appellant.**

[Cite as *Avon Lake v. Pinson* (1997), 119 Ohio App.3d 567.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 96CA006547.

Decided May 21, 1997.

*John Reulbach, Jr.*, Avon Lake City Prosecutor, for appellee.

*John S. Haynes*, for appellant.

DICKINSON, Presiding Judge.

Defendant Randy Pinson has appealed from his conviction on one count of sexual imposition, a violation of R.C. 2907.06. He has argued that there was insufficient corroborating evidence, as required by Subsection (B) of that statute, to support a conviction for sexual imposition. This court affirms the judgment of the trial court because the corroborating evidence was sufficient under R.C. 2907.06(B) to support defendant's conviction.

I

During February 1996, defendant Randy Pinson was an employee of Ford Motor Company in Avon Lake, Ohio. His duties included going to a building nearby on the premises of Auto Warehousing Company several times a day. On

February 23, 1996, defendant allegedly entered a room in that building in which Lisa Pettry, an employee of Auto Warehousing, was working alone. He allegedly came up behind her, placed his hand around her hip, pressed his chest and groin into her back and buttocks, pinned her against a waist-high counter, and moved his groin in a gyrating motion against her buttocks. According to her testimony, she turned her head to see who was doing this and said, "Uh uh, Randy," at which point he released her and left the room. She related these alleged events to a coworker, Ms. Allgood, several minutes later, who testified that Pettry looked nervous and shaky and had tears in her eyes while doing so. At Allgood's suggestion, they told another coworker, Mr. Cisman, shortly after that. The three of them were together when they saw defendant within an hour. Allgood testified that she then confronted defendant about the incident. According to Cisman, Allgood told defendant that Pettry had said that defendant had come up behind her and "started grinding on her," and that she "felt something hard." According to the testimony of Pettry, Allgood, and Cisman, defendant responded by laughing and saying, "If she thinks that was hard, she hasn't felt anything yet."

Defendant was charged with one count of sexual imposition, was tried to a judge, and was convicted on August 20, 1996. He was fined $500 and given a deferred sentence of sixty days in jail. Defendant timely appealed to this court.

## II

Defendant's sole assignment of error is that there was insufficient corroborating evidence, as required by R.C. 2907.06(B), to support a conviction for sexual imposition. R.C. 2907.06(B) provides that "[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." A recent decision by the Ohio Supreme Court, *State v. Economo* (1996), 76 Ohio St.3d 56, 58, 666 N.E.2d 225, 227, addressed the question of "what quality of evidence will satisfy the 'other evidence' or corroboration requirement" of R.C. 2907.06(B). In *Economo,* the court held that the corroboration requirement "does not mandate proof of the facts which are the very substance of the crime charged," but rather requires only "minimal evidence" to corroborate a victim's testimony. *Id.* at 59, 666 N.E.2d at 228. Such minimal evidence may consist of "slight circumstances or evidence which tends to support the victim's testimony." *Id.* at syllabus.

Defendant has argued that the conversation reported to have taken place between him and Allgood concerning the alleged sexual imposition was insufficient to corroborate the victim's testimony that defendant had sexual contact with her. He has argued that corroborating evidence "must tend to prove some of the

material facts of the crime charged and tend to connect the Defendant with the crime," and that sexual contact is the "material substance" of R.C. 2907.06. Therefore, according to defendant, the corroborating evidence must relate to sexual contact between defendant and Pettry.[1] Defendant's position is that the reported conversation did not do so, because it was not an admission that improper sexual contact had occurred, nor was it evidence that corroborated a conclusion that the contact was for the purpose of sexually arousing or gratifying either himself or Pettry.[2] Rather, the defendant has asserted, that conversation had nothing to do with sexual contact between him and Pettry, and there was, therefore, insufficient corroborating evidence to support his conviction.

Corroborating evidence in a sexual imposition case need not be "proof of the facts which are the very substance of the crime charged" but, rather, may consist of "minimal evidence." *Economo*, 76 Ohio St.3d at 59, 666 N.E.2d at 228. "Slight circumstances or evidence which tends to support the victim's testimony" is sufficient. *Id.* at syllabus. Pettry testified that defendant approached her from behind, pressed his chest and groin into her, pinned her against a counter, and moved in a gyrating motion against her buttocks. Allgood, her coworker, testified that Pettry told her of the incident several minutes later and that she was tearful and nervous. Allgood testified that she confronted defendant about the incident within an hour. Cisman, a witness to that confrontation, testified that Allgood told defendant that Pettry had said that defendant had come up behind her and "started grinding on her" and that she had "felt something hard." Pettry, Allgood, and Cisman all testified that defendant responded by laughing and saying, "If she thinks that was hard, she hasn't felt anything yet." There was no evidence that defendant seemed confused about what Allgood meant, or that he denied the incident when she confronted him. This evidence, even if not independently sufficient to convict defendant, constituted at least "slight circumstances or evidence which tends to support the victim's testimony." Defendant's conviction, therefore, was supported by sufficient evidence to convict defendant of a violation of R.C. 2907.06. Defendant's assignment of error is overruled.

---

1. R.C. 2907.06 provides:
 "(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 "(1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard."

2. "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

## III

Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.