DECISION AND JOURNAL ENTRY
Appellant, Larry Knox, appeals his conviction in the Lorain County Court of Common Pleas. We affirm.
 I.
On November 10, 1998, the Lorain County Grand Jury indicted Mr. Knox on one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(1). These crimes were alleged to have been committed in Lorain County against Alicia and Crystal, who were six and thirteen years of age at the time of the alleged criminal conduct, respectively. A jury trial was held, commencing on July 7, 1999. Mr. Knox chose not to testify and did not present any witnesses in his defense. At the close of evidence, the trial court amended count two in the indictment to sexual imposition and instructed the jury accordingly. In a verdict journalized on July 14, 1999, the jury found Mr. Knox guilty of one count of gross sexual imposition and one count of sexual imposition. He was sentenced accordingly. Mr. Knox was also adjudged to be a sexual predator, pursuant to R.C. 2950.09. This appeal followed.
 II.
As a preliminary matter, we must address the judgment entry of conviction and sentence, as the Revised Code section cited by the trial court in count two is inconsistent with the trial court's jury instructions on count two, the jury's verdict form and the verbal description of the offense contained in the judgment entry. The judgment entry of conviction and sentence indicates that, regarding count two in the indictment, the jury found Mr. Knox guilty of "SEXUAL IMPOSITION a violation of O.R.C.2907.05(A)(1) a 3RD degree MISDEMEANOR." The quoted portion of the judgment entry is internally inconsistent, as the verbal description of the crime is "SEXUAL IMPOSITION * * * a 3RD degree MISDEMEANOR," but the code section cited in the judgment entry is R.C. 2907.05(A)(1), which defines gross sexual imposition, a felony of the fourth degree. Criminal judgments that contain errors that result from oversight or omission may be corrected at any time. Crim.R. 36. "In addition, pursuant to App.R. 12(B), an appellate court has the power to modify judgments when it `determines that the judgment or final order of the trial court should be modified as a matter of law [and] it shall enter its judgment accordingly.'" (Citation omitted and alteration original.) State v. Hardy (Apr. 26, 2000), Summit App. No. 19503, unreported, at 6.
It is clear from the record that Mr. Knox was convicted of sexual imposition, in violation of R.C. 2907.06(A)(4). The trial court charged the jury, using essentially the language contained in R.C. 2907.06(A)(4):
 The Defendant in Count Two of the Indictment is charged with Sexual Imposition. Before you can find the Defendant guilty, you must find beyond a reasonable doubt all of the essential elements of Sexual Imposition which are as follows:
 On or about the period of time from August the 17th, 1998, to and including August the 21st of 1998; in Lorain County, Ohio; the Defendant had sexual contact with [Crystal]; who was not the spouse of the Defendant; and [Crystal] was 13 years of age or older but less than 16 years of age, whether or not the Defendant knew the age of such person, and the Defendant was at least 18 years of age and four or more years older than [Crystal].
Moreover, to record the results of its deliberations, the jury was given a form containing the following language: "COUNT TWO Indictment for SEXUAL IMPOSITION We, the jury, find the defendant * * _____________ of SEXUAL IMPOSITION." (Emphasis original.) Furthermore, as discussed above, the verbal description of the charge in the judgment entry indicated that Mr. Knox had been found guilty of sexual imposition, a third degree misdemeanor.
Based on the record, we determine that in count two, the jury found Mr. Knox guilty of violating R.C. 2907.06(A)(4), sexual imposition, which Revised Code section is consistent with the jury instructions, the jury's verdict form, and the verbal description of the judgment entry. The Rules of Criminal Procedure specifically permit the correction of errors of this nature. Crim.R. 36. In order to avoid further confusion arising from the incorrect statutory designation, we hereby modify the judgment entry of conviction and sentence to indicate that Mr. Knox was convicted of violating R.C. 2907.06(A)(4) in count two, and not R.C. 2907.05(A)(1).
 III.
Mr. Knox asserts three assignments of error. We will discuss each in turn.
 A. First Assignment of Error THE JUDGMENT OF CONVICTION OF GROSS SEXUAL IMPOSITION AND SEXUAL IMPOSITION ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND CONTRARY TO LAW AND THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR ACQUITTAL PURSUANT TO OHIO CRIMINAL RULE 29.
In his first assignment of error, Mr. Knox avers that his convictions for gross sexual imposition and sexual imposition were against the manifest weight of the evidence. Mr. Knox further contends that the trial court erred in overruling his motion for acquittal pursuant to Crim.R. 29. We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Wolfe
(1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing State v. Thompkins
(1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Mr. Knox was found guilty of gross sexual imposition, in violation of R.C. 2907.05(A)(4), which states in relevant part: "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is less than thirteen years of age, whether or not the offender knows the age of that person." "Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).
Mr. Knox was also convicted of sexual imposition, in violation of R.C. 2907.06(A)(4), which states in pertinent part:
 [n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he other person * * * is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person.
R.C. 2907.06(B) provides that "[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." In State v.Economo (1996), 76 Ohio St.3d 56, syllabus, the Supreme Court held that
 [t]he corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory.
See, also, Avon Lake v. Pinson (1997), 119 Ohio App.3d 567,569-70.
In the present case, we find that Mr. Knox's conviction for gross sexual imposition of Alicia[1] is not against the manifest weight of the evidence. It is undisputed that Alicia was under thirteen years of age, specifically six years old, in August 1998 and was not Mr. Knox's spouse. Therefore, the focus of Mr. Knox's argument is that the State did not prove that Mr. Knox had sexual contact with Alicia. Although Alicia was unable to remember what happened with Mr. Knox, her older sister, Kiara,[2] testified that at night, she saw Mr. Knox touch Alicia under her pajamas with his fingers. Tonya Brown, Kiara and Alicia's mother, testified that Kiara told her the next morning about the inappropriate contact, and that she subsequently took them to the hospital and then to the police station. At trial and during a prior interview with Detective Charles Gallion of the Elyria Police Department, Kiara was asked to identify where Mr. Knox touched Alicia. On both occasions, Kiara circled the genital area on a drawing of a little girl. Even though Kiara was confused about certain details of that night, she testified that she was certain that Mr. Knox touched Alicia's genital area with his fingers. After a careful review of the record, we cannot say that the jury clearly lost its way and committed a manifest miscarriage of justice in convicting Mr. Knox of gross sexual imposition.
Next, we find that Mr. Knox's conviction for sexual imposition of Crystal is not against the manifest weight of the evidence and that there is sufficient corroborating evidence to support a conviction. It is undisputed that Crystal was thirteen years of age in August 1998 and was not Mr. Knox's spouse. Mr. Knox stipulated that he was born on August 21, 1960, and therefore, he was at least eighteen years old and at least four years older than Crystal at the time of the alleged criminal conduct.
Again, Mr. Knox focuses on whether the State proved that Mr. Knox had sexual contact with Crystal. At trial, Crystal testified that she and her friend were watching television on an L-shaped couch, while her mother and her friends were outside on the porch. She testified that Mr. Knox came into the living room after she had fallen asleep and began touching her back, chest area, thigh, and buttocks; he also kissed her cheek and neck. At one point, Dave, her mother's boyfriend, came into the living room from the porch. Consequently, Mr. Knox stopped touching her, but resumed once Dave left. Crystal testified that she did not cry out for help because she was too scared. Further, Crystal stated that one cannot see from the porch into the living room because the door would not open completely, as it was blocked by a piece of furniture. Her mother's testimony confirmed this fact. A few days later, Crystal told her grandmother about the incident. It is unclear whether Crystal told her grandmother before or after learning that Mr. Knox had allegedly sexually assaulted another child. Crystal's mother testified that in August 1998, there was a day when Mr. Knox, Crystal, and her friend were watching television in the living room, while she was on the front porch with friends. The evidence adduced at trial constitutes at the least "[s]light circumstances or evidence which tends to support the victim's testimony[.]" Economo, 76 Ohio St.3d at syllabus. Mr. Knox's conviction for sexual imposition, therefore, was not against the manifest weight of the evidence.
Consequently, we conclude that Mr. Knox's assertion that the state did not produce sufficient evidence to support a conviction for gross sexual imposition and sexual imposition, therefore, is also without merit. See Roberts, supra, at 4. Mr. Knox's first assignment of error is overruled.
 B. Second Assignment of Error THE JUDGMENT FINDING APPELLANT TO BE A SEXUAL PREDATOR VIOLATE'S [sic] APPELLANT'S CONSTITUTIONAL RIGHTS.
Next, Mr. Knox argues that his designation as a sexual predator, pursuant to R.C. Chapter 2950, violates his constitutional rights. However, counsel for appellant merely lists various constitutional provisions with scant analysis or argument. This court reiterates it previous admonitions set forth in State v. Worstell (July 19, 2000), Lorain App. Nos. 99CA007345 and 99CA007368, unreported, at 4. Now, we turn to discuss the merits of Mr. Knox's constitutional claims.
First, Mr. Knox challenges the constitutionality of R.C. Chapter 2950 on the basis that the statute denies Mr. Knox due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution. We have specifically held that R.C. 2950.09
violates neither equal protection nor due process of law, and is not unconstitutionally vague. State v. Jameson (Apr. 22, 1998), Lorain App. No. 97CA006704, unreported, at 6-12. Therefore, we find Mr. Knox's argument lacks merit.
Next, Mr. Knox avers that R.C. Chapter 2950 constitutes cruel and unusual punishment, violating the Eighth Amendment to the United States Constitution and Section 9, Article I of the Ohio Constitution. However, this court has previously held that Ohio's sexual predator law does not constitute cruel and unusual punishment. State v. Nuckols (Aug. 26, 1998), Wayne App. No. 97CA0076, unreported, at 17. As such, we decline to hold that R.C. Chapter 2950 constitutes cruel and unusual punishment.
Next, Mr. Knox argues that R.C. Chapter 2950 violates the ExPost Facto Clause of Section 10, Article I of the United States Constitution, and the Retroactivity Clause of Section 28, ArticleII of the Ohio Constitution. This argument is without merit, as Mr. Knox committed the criminal conduct and was convicted and sentenced after R.C. Chapter 2950 was enacted.[3]
Lastly, Mr. Knox contends that R.C. Chapter 2950 violates Section 1, Article I of the Ohio Constitution in that R.C. Chapter 2950 unreasonably interferes with the privacy, property, and liberty interests of the individual beyond the necessities of the situation and is unduly oppressive. In State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported, at 10-12, this court rejected this argument, holding that R.C. Chapter 2950 constitutes a valid exercise of the state's police powers, and therefore, does not violate Section 1, Article I of the Ohio Constitution. Accordingly, Mr. Knox's second assignment of error is overruled.
 C. Third Assignment of Error THE COURT SHOULD GRANT APPELLANT'S PRO S.E. [sic] ASSIGNMENTS OF ERROR.
In the third assignment of error, this court is requested to consider Mr. Knox's pro se assignments of error, which consist of a photocopy of a handwritten letter from Mr. Knox to his counsel, setting forth various potential grounds for his appeals in both the present case and in an appeal for another conviction. These photocopies are of poor quality, having words trailing from the edge of the page. This court has previously declined to consider a similar assignment of error, saying "`it is not the duty of this Court to create [appellant's] arguments * * * and search the record for evidence to support them.'" (Second alteration original.)State v. Miller (July 19, 2000), Lorain App. No. 99CA007334, unreported, at 6, quoting Sisson v. Ohio Dept. of Human Serv.
(Apr. 19, 2000), Medina App. No. 2949-M, unreported, at 4; see, also, App.R. 12(A)(2) and 16(A)(7). Accordingly, Mr. Knox's third assignment of error is overruled.
 III.
Mr. Knox's three assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT, CARR, J., WHITMORE, J., CONCUR.
[1] Mr. Knox is the nephew of Alicia's father.
[2] Kiara was eight years old at the time of trial.
[3] We note that the Ohio Supreme Court has held that R.C.2950.09(B)(1) does not violate the Retroactivity Clause of the Ohio Constitution or the Ex Post Facto Clause of the United States Constitution. State v. Cook (1998), 83 Ohio St.3d 404, paragraphs one and two of the syllabus. Citing to Cook and other precedent, this court has held that R.C. 2950.09(C) does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution or the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution. State v. DeAngelo (Mar. 10, 1999), Lorain App. No. 97CA006902, unreported, at 2-3, fn. 1.