This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Marvin Myers, Jr., appeals from his conviction in the Akron Municipal Court for sexual imposition. We affirm.
Defendant was charged with one count of menacing, in violation of R.C.2903.22, and one count of sexual imposition, in violation of R.C. 2907.06. A jury convicted Defendant on both charges. The trial court sentenced Defendant accordingly. Defendant moved to stay the execution of the sentence pending appeal. The trial court granted the motion. Defendant appealed raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The City [of Akron] failed to prove the elements of R.C. 2907.06(B), beyond a reasonable doubt, thereby violating [Defendant's] rights under the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution. * * *
In Defendant's first assignment of error, he argues that there was insufficient evidence of corroboration to support his conviction for sexual imposition, pursuant to R.C. 2907.06(B). We disagree.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id.
Defendant was convicted of sexual imposition in violation of R.C.2907.06, which provides as follows:
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
 (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.
* * *
 (B) No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence.
In State v. Economo (1996), 76 Ohio St.3d 56, 58, the Ohio Supreme Court addressed "what quality of evidence will satisfy the `other evidence' or corroboration requirement of R.C. 2907.06(B)." The Court held that the corroboration requirement "does not mandate proof of the facts which are the very substance of the crime charged," but rather requires only "minimal evidence" to corroborate a victim's testimony.Id. at 59. See, also, Avon Lake v. Pinson (1997), 119 Ohio App.3d 567,570. Such evidence may consist of "[s]light circumstances or evidence which tends to support the victim's testimony[.]" Economo, 76 Ohio St.3d at syllabus.
In this case, the victim testified that she left her place of employment in the shopping mall to smoke a cigarette in a mall corridor, which was used for deliveries. She stated that Defendant, also an employee in the mall, followed her down the corridor. The investigating officer testified that Defendant admitted that he was with the victim in the corridor while she smoked a cigarette. The victim alleged that while she was walking back into the mall, Defendant put his arm around her, placed his hand down her tank top and fondled her. The victim said she was shaky and scared upon returning to work. Approximately three hours later, Elizabeth Anderson, the victim's co-worker, came to work to begin her scheduled shift. The victim stated that at that time she told Anderson about the incident with Defendant. Anderson testified that the victim was upset, scared, shaking and angry as a result of being sexually harassed. The investigating officer testified that he spoke with the victim the next day. Specifically, he stated that the victim "was still upset * * * and she wanted something to be done about it because she said [Defendant] really scared her."
This evidence constituted at least "slight circumstances or evidence which tend[ed] to support the victim's testimony." See Economo, 76 Ohio St.3d at syllabus. Therefore, viewing the evidence in a light most favorable to the prosecution, we find there was sufficient evidence of corroboration to support the conviction for sexual imposition. Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II The trial court erred when it did not instruct the jury that * * * Defendant could not be found guilty of sexual imposition solely upon the victim's testimony unsupported by other evidence, thereby violating [Defendant's] rights under the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio Constitution. * * *
In his second assignment of error, Defendant maintains that the trial court erred when it failed to instruct the jury on the corroboration requirement contained in R.C. 2907.06(B) for the crime of sexual imposition. Defendant's assignment of error lacks merit.
In considering whether the trial court should have given a jury instruction, a reviewing court must view the instructions as a whole. Absent an abuse of discretion in the overall composition of the instructions, this court will respect the sound judgment of the trial court. Buehler v. Falor (Jan. 30, 2002), Summit App. No. 20673, unreported, at 2. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
"The corroboration requirement of R.C. 2907.06(B) is a threshold inquiry of legal sufficiency to be determined by the trial judge, not a question of proof, which is the province of the factfinder." Economo,76 Ohio St.3d at 60. Corroboration is not an element of the offense, but is merely an ancillary evidentiary requirement. See id. at 60-62.
By submitting the charge of sexual imposition to the jury, the court apparently found sufficient evidence of corroboration. Moreover, as discussed in assignment of error one, this court found the existence of evidence which tended to corroborate the victim's testimony. Therefore, the trial court did not abuse its discretion in failing to instruct the jury on the corroboration requirement contained in R.C. 2907.06(B). Defendant's second assignment of error is overruled.
Defendant's first and second assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
BAIRD, J., WHITMORE, J. CONCUR.