[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} The two assignments of error, which allege that defendant-appellant Muhanned Al Abbas's conviction for sexual imposition was based upon insufficient evidence and was against the manifest weight of the evidence, are overruled. Al Abbas's argument that there was insufficient evidence of corroboration to support his conviction is not supported by the record.
{¶ 3} Al Abbas was convicted of sexual imposition, in violation of R.C. 2907.06(A)(1), which provides that "[n]o person shall have sexual contact with another, not the spouse of the offender * * * when * * * [t]he offender knows that the sexual contact is offensive to the other person * * * or is reckless in that regard." R.C. 2907.06(B) states that "[n]o person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence."
{¶ 4} In State v. Economo, 76 Ohio St.3d 56, 1996-Ohio-426,666 N.E.2d 225, syllabus, the Ohio Supreme Court stated, "The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." Corroborating evidence is not an element of the offense of sexual imposition; it is an ancillary evidentiary requirement. See id.; Statev. Paluga, 12th Dist. No. CA2002-02-041, 2002-Ohio-6876; Akron v. Myers, 9th Dist. 20743, 2002-Ohio-1112.
{¶ 5} The victim testified that she and a fellow student were studying in the Procter Hall Library on the campus of the University of Cincinnati. Al Abbas, who worked in the library, asked the two women if they would like some coffee. The victim said that she would like some and followed Al Abbas to the staff lounge. The victim testified that while they were getting coffee, Al Abbas moved behind her, put his hand down her underpants into her pubic area, and pulled her backward into his pelvic area. The victim stated that she could feel Al Abbas's erect penis against her buttocks. The victim was able to free herself and run back to the library.
{¶ 6} The victim's friend testified that when the victim returned to the library, she was out of breath, and that she seemed frightened, anxious and very upset. The victim kept telling her friend that they had to leave the library "right now." About three to five minutes later, when the women stopped at the security desk, the victim told her friend and the security guard what had happened. The victim was still upset and crying.
{¶ 7} Al Abbas admitted that he took the victim to the staff lounge. He testified that his only physical contact with the victim occurred when he accidentally touched her hand.
{¶ 8} We hold that the testimony of the victim's friend was sufficient corroborating evidence for purposes of R.C. 2907.06(B). In addition, Al Abbas's admission that he took the victim to the staff lounge further corroborated the victim's story. See Avon Lake v. Pinson
(1997), 119 Ohio App.3d 567, 695 N.E.2d 1178; State v. Pierre (Mar. 2, 2001), 2nd Dist. No. 18443. We hold that, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of sexual imposition had been proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492.
{¶ 9} Further, we hold that the trial court did not lose its way and create a manifest miscarriage of justice. See State v. Thompkins,78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983),20 Ohio App.3d 172, 485 N.E.2d 717. The weight to be given the evidence and the credibility of the witnesses is primarily for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212. The trial court simply chose to believe the victim's testimony.
{¶ 10} Therefore, the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
 Painter, P.J., Doan and Sundermann, JJ.