[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Leon Collins ("Collins") appeals from the decision of the Cuyahoga County Court of Common Pleas finding him guilty of three counts of sexual imposition in violation of R.C. 2907.06. Finding error in the proceedings below, we reverse in part and affirm in part for the reasons outlined as follows.
 {¶ 2} Collins met with a group of people at Iretha Magnum's ("Magnum") house. The 15-year-old victim was among those present. During the evening, Collins was sitting on the floor between the legs of the victim getting his hair braided. Once his braiding was finished, Collins placed his hand on the victim's thigh and lifted himself off the ground.
 {¶ 3} Later that evening, Collins touched the victim a second and third time. The second and third incidents occurred after Magnum agreed to give the victim a ride home, and Collins and others went along. As they were leaving, an argument ensued over who would sit in the front seat of the vehicle. At one point during the argument, the victim was outside the vehicle's front passenger door and testified that "[Collins] touched my breast and my vagina."
 {¶ 4} Collins was indicted for four violations of R.C. 2907.05, gross sexual imposition. After waiving his right to a jury trial, a bench trial was held. The judge found Collins guilty on three counts of the lesser-included offense of sexual imposition. Collins advances two assignments of error for our review.
 {¶ 5} "I. The trial court's determination of guilt was not supported by sufficient evidence."
 {¶ 6} The standard of review with regard to the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261:
"`Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.' In State v. Jenks
(1991), 61 Ohio St.3d 259, the Ohio Supreme Court held that `[a]n appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"
 {¶ 7} Collins correctly asserts that R.C. 2907.06(B) prohibits a conviction for sexual imposition upon the uncorroborated testimony of the victim. R.C. 2907.06(B) reads: "No person shall be convicted of a violation of this section solely upon the victim's testimony unsupported by other evidence." He argues that the state failed to present corroboration for the victim's testimony that Collins touched her three times.
 {¶ 8} The Ohio Supreme Court, in State v. Economo (1996),76 Ohio St.3d 56, stated: "The corroborating evidence necessary to satisfy R.C. 2907.06(B) need not be independently sufficient to convict the accused, and it need not go to every essential element of the crime charged. Slight circumstances or evidence which tends to support the victim's testimony is satisfactory." The "other evidence" need only be minimal evidence which tends to support the victim's testimony. Avon Lakev. Pinson (1997), 119 Ohio App.3d 567.
 {¶ 9} The facts reveal a distinction between the first and subsequent "touchings" by Collins.
 {¶ 10} The first touching of the victim by Collins involved her thigh. The definitions section relating to sexual imposition, R.C. 2907.01, includes "the thigh" as an erogenous zone sufficient to establish impermissible sexual contact. It also requires that the touching be done "for the purpose of sexually arousing or gratifying either person."
 {¶ 11} "Whether the touching was undertaken for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature and circumstances surrounding the contact. The determination of a defendant's mental state, absent some comment on his or her part, must of necessity be determined by the nature of the act, when viewed in conjunction with the surrounding facts and circumstances."In the matter of: April Anderson (1996), 116 Ohio App.3d 441. Although this touch could sustain a conviction in light of Collins' subsequent conduct, that subsequent conduct cannot, in this instance, overcome the direct evidence of the victim's discounting this touch as being made for the purposes of arousal or sexual gratification. The victim herself commented that her impression of Collins' touch of her thigh was that "Well, he was trying to, you know, get up. So, I didn't take it as no personal. I didn't take it like that."
 {¶ 12} The touching of the thigh occurred inside the residence separate from the subsequent contact at the vehicle. In light of the victim's statement and the absence of any evidence other than the subsequent "touchings" that occurred later at the vehicle, there is insufficient evidence to establish that the touching of the thigh was intended for the purposes of Collins' sexual arousal or gratification.
 {¶ 13} The state's evidence is, therefore, insufficient to sustain a conviction of sexual imposition for Collins' touching the victim's thigh. This assignment of error is sustained as to Collins' conviction for the one count relating to his touching the victim's thigh.
 {¶ 14} The victim's testimony was different as it related to Collins' touching of her breast and vagina.
 {¶ 15} Immediately following this incident at the vehicle, the victim asked Magnum to use her phone so that the victim could call her mother. During the victim's phone call, she told her mother "that he just touched me * * *." The victim then threatened to hit Collins with "The Club"[1] if he touched her again. Magnum told Collins and the victim that she was taking them both to the police station to calm them down. At the next stop, Collins jumped out of the car. At that point, the victim's mother and grandmother arrived on the scene and blocked Collins' path. They began arguing with him and demanding to know why he had touched the victim. Collins did not deny touching the victim. Law enforcement eventually arrived on the scene to resolve the dispute. This evidence qualifies as additional "minimal evidence" sufficient to corroborate the victim's testimony about the incident outside the vehicle. Avon Lake v.Pinson, supra.
 {¶ 16} The state's evidence, if believed, is sufficient to sustain Collins' conviction for the two counts of sexual imposition relating to the touching of the victim's breast and vagina.
 {¶ 17} Collins also argues that the evidence was insufficient to establish that any of the three touching incidents were "sexual contact" with the victim. As to the second and third touching, we disagree. R.C.2907.06 defines sexual imposition as follows:
"(A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies: * * *
(4) The other person, or one of the persons, is thirteen years of age or older but less than sixteen years of age, whether or not the offender knows the age of such person, and the offender is at least eighteen years of age and four or more years older than such other person."
 {¶ 18} The definitions section, R.C. 2907.01, defines "sexual contact" as follows:
"[It] means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region or * * * breast for the purpose of sexually arousing or gratifying either person."
 {¶ 19} The victim testified that Collins touched her breast and vagina. As outlined earlier in the analysis of the touching of the victim's thigh: "Whether the touching was undertaken for the purpose of sexual arousal or gratification is a question of fact to be inferred from the type, nature and circumstances surrounding the contact. The determination of a defendant's mental state, absent some comment on his or her part, must of necessity be determined by the nature of the act, when viewed in conjunction with the surrounding facts and circumstances."In the matter of: April Anderson, supra.
 {¶ 20} The state's evidence, if believed, is sufficient for the judge to infer Collins touched the victim's breast and vagina for the purpose of sexual arousal or gratification. Therefore, the evidence establishes Collins had sexual contact with the victim.
 {¶ 21} This assignment of error is overruled as to Collins' conviction on the two counts of sexual imposition related to his touching the victim's breast and vagina.
 {¶ 22} "II. The trial court's determination of guilt was against the manifest weight of the evidence."
 {¶ 23} The proper test to be utilized when addressing the issue of manifest weight of the evidence was set forth in State v. Martin (1983),20 Ohio App.3d 172. The Martin court stated: "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the [fact finder] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. * * *. See Tibbs v. Florida (1982),457 U.S. 31, 38, 42, 72 L.Ed.2d 652, 102 S.Ct. 2211." State v. Martin, supra, at 175.
 {¶ 24} Moreover, the weight of the evidence and credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230. The power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin, supra. Moreover, it is important to note that the weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 25} In light of the outcome of the first assignment of error, this assignment of error only addresses Collins' conviction on the two counts of sexual imposition related to his touching the victim's breast and vagina.
 {¶ 26} The victim testified that Collins touched her breast and vagina from outside her clothing. Immediately following the incident, she called her mother to report what had happened. She also took defensive action against Collins by threatening to defend herself with a weapon if he attempted to touch her again. Once others were on the scene confronting Collins, he did not deny the accusations or attempt to explain how the touching of the victim was perhaps accidental or misunderstood. Reviewing the evidence presented by the state, we cannot say that the judge clearly lost his way and created such a miscarriage of justice that the convictions must be reversed. This assignment of error is overruled.
Judgment affirmed in part and reversed in part.
ANNE L. KILBANE, P.J. AND COLLEEN CONWAY COONEY, J., CONCUR.
[1] "The Club" refers to the popular steering wheel locking tool used as an anti-theft device for automobiles.