## In re ANDERSON.

[Cite as *In re Anderson* (1996), 116 Ohio App.3d 441.]

Court of Appeals of Ohio,
Twelfth District, Clermont County.

No. CA96–01–007.

Decided Dec. 9, 1996.

*Donald W. White*, Clermont County Prosecuting Attorney, and *David H. Hoffman*, Assistant Prosecuting Attorney, for appellee.

*Anita M. Bechmann*, for appellant.

WILLIAM W. YOUNG, Presiding Judge.

Appellant, April Anderson, appeals her adjudication as a delinquent for gross sexual imposition. Appellant complains under her single assignment of error that her adjudication was against the manifest weight of the evidence.

On June 1, 1995, several young children began playing spin the bottle at the residence appellant shared with her parents and two younger sisters.[1] After the first spin, appellant, sixteen years old at the time, and two other older juveniles joined the game. Ten-year-old L.B. testified at appellant's adjudicatory hearing that appellant touched her "between the legs." When asked if appellant had touched her in her "private area," L.B. responded "yes." L.B. also said that at one point appellant took L.B.'s hand and placed it on appellant's breast. L.B. responded affirmatively when asked if appellant had told her not to tell anyone about the game. H.B., seven years old, also testified at appellant's adjudicatory hearing. When asked whether she had to touch someone, H.B. indicated that she had to touch appellant "between the legs." Appellant admitted playing spin the bottle, but denied touching any of the younger children.

Appellant's parents called the police after one of the appellant's younger sisters told them about the game. On August 17, 1995, an investigator with the Clermont County Sheriff's Office filed a complaint charging appellant with gross sexual imposition of another under the age of thirteen. After the adjudicatory

---

1. Two of the children playing the game were seven and ten years of age. The exact ages of the other children is not reflected in the record.

hearing on October 18 and November 22, 1995, the juvenile court made an adjudication of delinquency against appellant.

On appeal, appellant complains that there was no evidence that she had sexual contact with another as R.C. 2907.05(A)(4) requires. She specifically argues that there was no evidence that she touched anyone for "the purpose of sexually arousing or gratifying either person." See R.C. 2907.01(B).

R.C. 2907.05(A)(4) provides:

"No person shall have sexual contact with another, not the spouse of the offender; cause another not the spouse of the offender to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:

"* * *

"(4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of such person."

In order to convict appellant of gross sexual imposition, the state must prove beyond a reasonable doubt that sexual contact occurred. According to R.C. 2907.01(B), " '[s]exual contact' " means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

The Revised Code does not define "sexual arousal or gratification." In *State v. Frazier* (Feb. 6, 1989), Butler App. No. CA88–04–051, unreported, 1989 WL 8474, this court cited with approval the following language: " '[R.C. 2907.01(B) ] contemplate[s] any touching of the described areas which a reasonable person would perceive as sexually stimulating or gratifying.' " *Id.* at 3 (evidence that father pinched daughter's breast while saying "booby, booby" was sufficient to allow jury to conclude that sexual contact had occurred), quoting *State v. Astley* (1987), 36 Ohio App.3d 247, 250, 523 N.E.2d 322, 325. The state cites *Frazier* for the proposition that "as it applies to victims under the age of thirteen, R.C. 2907.05 is a strict liability offense and, as such, requires no culpable state of mind." The state argues that gross sexual imposition may be proven simply by proof of the act of touching. The state's analysis and interpretation of *Frazier* is incorrect.

R.C. 2907.05(A)(4) forbids touching a person under age thirteen or causing a person under age thirteen to touch the offender on certain parts of the body *for the purpose of sexually arousing or gratifying either person. State v. Mundy* (1994), 99 Ohio App.3d 275, 289, 650 N.E.2d 502, 510. Whether the touching was undertaken for the purpose of sexual arousal or gratification is a question of fact

to be inferred from the type, nature, and circumstances surrounding the contact. *Id.* " 'The determination of a defendant's mental state, absent some comment on his or her part, must of necessity be determined by the nature of the act when viewed in conjunction with the surrounding facts and circumstances.' " *Id.* at 288, 650 N.E.2d at 510, citing *State v. Lott* (1990), 51 Ohio St.3d 160, 168, 555 N.E.2d 293, 302.

In *State v. Cobb* (1991), 81 Ohio App.3d 179, 610 N.E.2d 1009, and *State v. Uhler* (1992), 80 Ohio App.3d 113, 608 N.E.2d 1091, the Ninth Appellate District Court of Appeals considered the factfinder's role in determining whether sexual contact had occurred. That court stated:

"Thus, the proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *Cobb*, 81 Ohio App.3d at 185, 610 N.E.2d at 1012–1013.

█ The evidence here indicates that appellant touched L.B. and caused L.B. and H.B. to touch appellant in areas described in R.C. 2907.01(B). This court must then determine if there was sufficient evidence before the trial court to determine that appellant acted for the purpose of sexual arousal or gratification. The fact of a touching, in and of itself, is not sufficient for a conviction. *Mundy.* The act of touching, however, may constitute strong evidence of intent.

During a game of spin the bottle, appellant touched one young child between her legs, had another young child touch appellant between the legs, and took one child's hand and placed it on appellant's breast. There is no clear indication in the record that appellant's behavior was required by any rules for the game, or that any other children made similar contact during the game. Significantly, there is evidence that appellant told one child not to tell anyone what had occurred during the game, and appellant later denied touching any of the younger children.

Recognizing that the juvenile court was in a far better position to consider the type, nature, and circumstances of the contact, along with the personality of appellant, this court holds that the juvenile court could reasonably conclude from the evidence presented that appellant initiated "sexual contact" as that term is

defined in R.C. 2907.01. See *Cobb,* 81 Ohio App.3d at 185, 610 N.E.2d at 1012–1013. Therefore, the trial court's finding that appellant committed gross sexual imposition is not against the manifest weight of the evidence. See *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304; Juv.R. 29(E)(4); R.C. 2151.35(A). Appellant's single assignment of error is overruled, and the judgment of delinquency is affirmed.

*Judgment affirmed.*

POWELL, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

Because there is insufficient evidence to support the judgment of delinquency in this case, I respectfully dissent.

In order to establish a violation of R.C. 2907.05(A)(4), the state must prove beyond a reasonable doubt that a defendant acted with specific purpose to sexually arouse or gratify. *State v. Mundy* (1994), 99 Ohio App.3d 275, 650 N.E.2d 502; see, also, *In re Grigson* (Apr. 15, 1991), Scioto App. No. 1881, unreported, 1991 WL 62177. Evidence is required to prove the circumstances of the act complained of and intent may be inferred from those facts and circumstances. *State v. Cobb* (1991), 81 Ohio App.3d 179, 610 N.E.2d 1009; *State v. Uhler* (1992), 80 Ohio App.3d 113, 608 N.E.2d 1091.

In *Cobb,* the Ninth District Court of Appeals concluded:

"[T]he proper method is to permit the trier of fact to infer from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact with those areas of the body described in R.C. 2907.01. In making its decision the trier of fact may consider the type, nature and circumstances of the contact, along with the personality of the defendant. From these facts the trier of facts may infer what the defendant's motivation was in making the physical contact with the victim. If the trier of fact determines, that the defendant was motivated by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved." *Cobb,* 81 Ohio App.3d at 185, 610 N.E.2d at 1013.

In *State v. Uhler* (1992), 80 Ohio App.3d 113, 123, 608 N.E.2d 1091, 1097, the court again found that "the existence of prurient motivations may be discerned

from 'the type, nature and circumstances of the contact, along with the personality of the defendant.' "

The record indicates that the six younger children started playing spin the bottle. Danny made the first spin and decided that the game would begin with a handshake. After the first spin, appellant and the two older children joined the game. The rule changed so that the person indicated on the spin would kiss the spinner on the cheek. At some point, appellant took turns and the bottle pointed to Lisa and Lisa's sister Heather. After each spin, appellant crawled across the circle, and it was alleged that appellant touched Lisa and Heather on the thighs,[2] and appellant took Lisa's hand and placed it on appellant's breast.

While an inference may be drawn from the circumstances, the fact of a mere touching, in and of itself, is not sufficient for a conviction. Unlike the facts in the other cases considered, this appellant is still a juvenile without any previous juvenile record.[3] Seven or eight other juveniles were present, all but one of whom played spin the bottle and paid the declared penalty. No relevant evidence was presented upon which to infer that any person became sexually aroused or gratified. Considering the factual scenario of this appeal, the conviction cannot be sustained.

The finding by the trial court that appellant is a sex offender is not supported by the evidence. The conclusion is against the weight of the evidence and contrary to law. See *State v. Eskridge* (1988), 38 Ohio St.3d 56, 59, 526 N.E.2d 304, 307; Juv.R. 29(E)(4); R.C. 2151.35(A). Accordingly, I would vacate the judgment of delinquency.

---

**2.** The transcript of testimony indicates that the erogenous zone touched by appellant was the thigh. Appellee incorrectly refers to the *"mons pubis,"* a bodily protuberance formed by the pubic bones and the lower part of the abdomen. The prosecution also suggested the term "private parts." The direct testimony was "between the legs."

**3.** In *Uhler* and *Cobb,* the appellants were adult offenders, one who inserted a finger into the victim's vagina and requested her to rub his penis, and an adult touching a minor boy's penis.