OPINION
Defendant-appellant, Leslie Stair, appeals his convictions in the Warren County Court of Common Pleas for kidnapping, abduction, and gross sexual imposition. We affirm the convictions.
On July 17, 2000, Corey Combs was going door-to-door in appellant's neighborhood, selling Kirby vacuum cleaners. Combs demonstrated the vacuum to appellant in his home and he purchased it. However, a few days later appellant decided against the purchase and informed Combs that he wished to rescind the sale. Combs made several attempts to arrange a convenient time to pick up the vacuum, before the two finally settled on Sunday afternoon, July 30, 2000.
On that date, Combs went to appellant's home to retrieve the vacuum. He invited her in. The two retrieved the vacuum from a back bedroom where it was stored and brought it into the living room. Appellant went downstairs to locate its box, but was unsuccessful. When he returned to the living room, he shut the front door to the home. Appellant then came up behind Combs and grabbed her, grasping her lower hips. He told Combs to remove her shirt. However, she refused and asked him not to hurt her. Appellant then slid his hands along her sides, removing her shirt, and instructed Combs to remove her bra. Fearful of appellant, she complied with this request. Appellant told her that he could rape her if he wanted to.
Hoping that he would let her leave, Combs told appellant that her friends were just around the corner and might show up at any moment. Appellant knew from his initial encounter with Combs that the Kirby salespeople canvassed neighborhoods in groups. Appellant handed Combs her shirt and said to her, "you deserve this." Combs fled the house with part of the vacuum which she had grabbed for protection. From the car, she observed appellant place the vacuum on the front porch. She ran to the porch, grabbed the vacuum and stowed it in her auto's trunk. Using her mobile phone, she called her boyfriend, Pat Ratstatter, who immediately departed to meet her at a nearby shopping center.
When Ratstatter met Combs, he found that she was crying and distraught. She again related the incident to him. Ratstatter took Combs to the police station where she provided the police with a statement.
Appellant was arrested that same day and charged with gross sexual imposition, kidnapping, and abduction. Appellant was indicted, and the matter was tried before a jury. At the conclusion of the state's evidence, appellant moved the court for a judgment of acquittal pursuant to Crim.R. 29. The trial court overruled appellant's motion. He was found guilty of all three counts and sentenced accordingly. Appellant appeals the convictions, raising two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN DENYING APPELLANT A RULE 29 ACQUITTAL BECAUSE, AS A MATTER OF LAW, THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION.
In his first assignment of error, appellant alleges that there exists a reasonable hypothesis of his innocence, namely, that Combs fabricated the incident because she was upset about losing the commission on the sale of the vacuum. Thus, appellant concludes that his conviction is not supported by sufficient evidence.
Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt. State v. Bridgeman (1978),55 Ohio St.2d 261, syllabus. The appellate court must examine the evidence to determine "whether such evidence, if believed, is sufficient for a reasonable mind to conclude that all elements of the crime have been proven beyond a reasonable doubt." Id. at 273. An appellate court's review of a ruling on a Crim.R. 29(A) motion must evaluate the sufficiency of the evidence, construing the evidence in a light most favorable to the state. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The function of an appellate court when reviewing the sufficiency of the evidence underlying a criminal conviction is "to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." Id. at paragraph two of the syllabus. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. The state can use either direct evidence or circumstantial evidence to prove the elements of a crime. See, e.g., State v. Durr (1991), 58 Ohio St.3d 19. Circumstantial and direct evidence are of equal probative value.Jenks, 61 Ohio St.3d at paragraph one of the syllabus.
Gross sexual imposition is committed when a person has sexual contact with another, not his spouse, by compelling the other to submit by force or threat of force. R.C. 2907.05(A)(1). Combs testified that appellant approached her from behind and grabbed her. He also threatened that he could rape her. Combs testified that appellant placed his hands on her hips, and that his hands brushed her sides as he slid off her blouse. She further demonstrated for the court and jury where appellant touched her. She testified that the contact was sexual in nature as opposed to helpful or friendly.
When this evidence is viewed in the light most favorable to the prosecution, as is required when evaluating the sufficiency of the evidence, we find the testimonial evidence sufficient to support the jury's finding that appellant is guilty of gross sexual imposition.
The prosecution likewise presented sufficient evidence that appellant kidnapped Combs. Kidnapping, as charged against appellant, is committed when one, by force, threat, or deception, restrains the liberty of another person to engage in sexual activity with the victim, against the victim's will. R.C. 2905.01(A)(4). As indicated by Combs' testimony, appellant used physical force, and the threat of force, to restrain her liberty in order to engage in sexual contact. This evidence, if believed, is sufficient to sustain the kidnapping conviction.
We finally find that sufficient evidence was presented to support the abduction conviction. Abduction is prohibited by R.C. 2905.02, which provides:
 (A) No person, without privilege to do so, shall knowingly do any of the following:
 (1) By force or threat, remove another from the place where the other person is found;
 (2) By force or threat, restrain the liberty of another person, under circumstances which create a risk of physical harm to the victim, or place the other person in fear;
 (3) Hold another in a condition of involuntary servitude.
Combs' testimony that appellant (1) restrained her liberty with force and the threat of force, by closing the front door, holding her and threatening to rape her, (2) caused her to fear for her safety, and (3) at his direction, required her to remove her bra, is sufficient evidence to support the abduction conviction.
Combs' testimony, if believed, is sufficient evidence to support appellant's convictions for gross sexual imposition, kidnapping, and abduction. Accordingly, the trial court was correct to not order a judgment of acquittal pursuant to Crim.R. 29(A). The first assignment of error is overruled.
Assignment of Error No. 2:
 THE VERDICT OF THE JURY SHOULD BE OVERTURNED BECAUSE IT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In order for an appellate court to reverse a conviction on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of any conflicting testimony. State v. Thompkins (1997),78 Ohio St.3d 380, 389. Specifically, the court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id. In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
Appellant first contends that the gross sexual imposition conviction is contrary to the weight of the evidence because the state failed to present evidence that appellant made "sexual contact" with Combs, as the term is defined in R.C. 2907.01(B). Appellant contends that the only testimony presented at trial indicates that he touched Combs' hips, not an erogenous zone defined by the Ohio Revised Code. In the alternative, appellant contends that the state failed to present evidence that he possessed the necessary mens rea to commit gross sexual imposition.
"Sexual contact" is defined as "any touching of an erogenous zone of another, including without limitation, the thigh, genitals, buttock, pubic region, or if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B) (emphasis added). Although R.C. 2907.01(B) provides specific examples of touching which constitute sexual contact, it also provides that the list is made "without limitation."
The trier of fact must determine from the evidence presented at trial whether the purpose of the defendant was sexual arousal or gratification by his contact. In re Anderson (1996), 116 Ohio App.3d 441, 444. The trier of fact may consider "the type, nature and circumstances of the contact, along with the personality of the defendant." Id. quoting Statev. Cobb (1991), 81 Ohio App.3d 179, 185. If the trier of fact determines that the defendant was motivated "by desires of sexual arousal or gratification, and that the contact occurred, then the trier of fact may conclude that the object of the defendant's motivation was achieved."Id.
In weighing the testimony, we cannot say the jury lost its way or created a manifest miscarriage of justice. At trial, Combs testified that appellant placed his hands on her hips and slid his hands along her abdomen as he removed her shirt. As well, she demonstrated appellant's actions for the jury. She testified that appellant's actions were sexual in nature, that he threatened that he could rape her if he wanted to, and that appellant stated that he wanted to observe her breasts. The jury, which was able to judge Combs' credibility and to view her demonstration of appellant's movements, was best able to make the factual determination of whether appellant's actions were sexually motivated and whether the touching constituted sexual contact as defined by R.C. 2907.01(B). Upon review of the record, we conclude that the jury's verdict was not against the manifest weight of the evidence.
Appellant next contends that the kidnapping conviction is against the manifest weight of the evidence as it is dependent on the gross sexual imposition conviction to satisfy one of its elements. Having found that the gross sexual imposition conviction was not contrary to the manifest weight of the evidence, we find this contention to be without merit as well.
Appellant lastly contends that the abduction conviction is against the manifest weight of the evidence because, as Combs testified, appellant allowed her to freely leave his home.
Appellant allowed Combs to leave his home after she reminded him that there were other Kirby employees "around the corner." Combs testified that during the incident, she was fearful of appellant and that she followed his direction to undress out of this fear. The fact that appellant may have eventually allowed Combs to leave his home does not pardon his earlier conduct restraining Combs, compelling her to undress, and making sexual contact with her. See, e.g., State v. Garrison
(1997), 123 Ohio App.3d 11 . Accordingly, we do not find the conviction to be against the manifest weight of the evidence. The second assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.