OPINION
{¶ 1} David Bragg appeals from his conviction of three counts of sexual imposition after a bench trial in Montgomery County Court.
 {¶ 2} Bragg was charged in three separate complaints with touching the breasts of his twelve year old daughter on three occasions between December 1, 2001 and February 21, 2002. Bragg's daughter, who we will call B.B. for purposes of this opinion testified that her father grabbed her breasts on a number of occasions and said "titty twister." B.B. testified that her father did this to her between 10-20 times between December 2001 and February 2002. She said it hurt sometimes when her father did this to her. She also testified her mother and her sister were present on occasions when her father touched her in this manner.
 {¶ 3} B.B.'s mother testified she witnessed her husband David pinch her daughter's breasts on three or four occasions. She testified she told her husband to stop this conduct but he indicated to her he was joking or playing around with his daughter. She admitted that she was involved in a divorce with her husband but she wasn't pursuing this prosecution to gain leverage in her divorce proceedings. She also admitted she did not contact the police about her husband's conduct until a week or two after she left her home.
 {¶ 4} Mr. Bragg testified and denied touching his daughter in an inappropriate way. He testified that neither his wife nor his daughter ever complained to him about any improper conduct on his part.
 {¶ 5} In his first assignment, Bragg argues that the record does not affirmatively show that he knowingly, voluntarily, and intelligently waived his right to a jury trial.
 {¶ 6} Crim.R. 5(A)(5) states, in pertinent part:
 {¶ 7} "When a defendant first appears before a judge or magistrate, the judge or magistrate shall permit the accused or his counsel to read the complaint or a copy thereof, and shallinform the defendant: . . .
 {¶ 8} "(5) Of his right, where appropriate, to jury trial and the necessity to make demand therefor in petty offense cases." (Emphasis added).
 {¶ 9} Bragg contends he requested a complete record of the proceedings. The record supports his contention, but initially the clerk of the court filed only the videotape of the trial. After briefing was completed, the clerk filed a videotape of Bragg's arraignment conducted on April 30, 2002. The videotape demonstrates that the trial court informed Bragg that he had a right to a jury trial but that he was required to make a demand for it as enunciated under the criminal rule. The record fails to indicate a jury demand by Bragg or his counsel prior to Bragg's bench trial. The first assignment of error is overruled.
 {¶ 10} In his second assignment, Bragg contends his convictions were based on insufficient evidence. Bragg was charged with violating R.C. 2907.06(A)(1) which provides that "no person shall have sexual contact with another, not the spouse of the offender, when the offender knows that the sexual contact is offensive to the other person or is reckless in that regard." "Sexual contact" means the touching of the erogenous zones of another for the purpose of sexual arousal or gratification of either person. In determining whether the offender intended the touching to be sexually arousing or gratifying, the trier of fact may consider the circumstances surrounding the touching, as well as the mental state and personality of the offender. State v.Cobb (1991), 81 Ohio App.3d 179, 185; also see State v. Mundy
(1994), 99 Ohio App.3d 275, 288, 289. The act of touching may constitute strong evidence of intent. In re Anderson (1996),116 Ohio App.3d 441.
 {¶ 11} In this matter, there was evidence that Bragg touched his daughter on her breasts on several occasions. The trier of fact was not required to accept the defendant's explanation to his wife that he meant these touches as mere horseplay.
 {¶ 12} A judgment of conviction is based upon insufficient evidence when no reasonable trier of fact could conclude that the defendant committed the offense beyond a reasonable doubt. Statev. Jenks (1991), 61 Ohio St.3d 259. We believe a rational trier of fact could conclude that Bragg touched his daughter's breasts for sexual gratification. The second assignment of error is overruled.
 {¶ 13} In his third assignment, Bragg contends his convictions are against the manifest weight of the evidence. A weight of the evidence argument challenges the believability of the evidence; which of the competing inferences suggested by the evidence is more believable or persuasive. The proper test to apply to that inquiry is the one set forth in State v. Martin
(1983), 20 Ohio App.3d 172, 485 N.E.2d 717, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." An appellate court should not substitute its judgment for that of the trier of facts on the issue of witness credibility unless is patently apparent that the fact finder lost its way.
 {¶ 14} In this matter, the victim's mother corroborated her daughter's testimony. Corroboration is required. See R.C.2907.06(B). There was sufficient circumstantial evidence to support proof of the defendant's purpose in touching his daughter and we cannot say the trier of fact "lost its way" in finding the defendant guilty of the charges in the complaints. See State v.Thompkins (1997), 78 Ohio St.3d 380. The third assignment of error is likewise overruled.
 {¶ 15} The judgment of the trial court is Affirmed.
Fain, P.J., and Wolff, J., concur.