[Cite as *State v. DiBattista*, 2020-Ohio-3564.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | CASE NOS. 2019-P-0109<br>2019-P-0110 |
| CHRISTOPHER V. DiBATTISTA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Portage County Municipal Court, Ravenna Division.
Case Nos. 2019 CRB 00989 R & 2019 CRB 00991 R.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Ronald D. Yarwood* and *Edward A. Czopur*, DeGenova & Yarwood, Ltd., 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Christopher V. DiBattista ("DiBattista"), appeals a judgment in the Portage County Municipal Court, Ravenna Division, sentencing him following findings of guilt for sexual imposition and assault. We affirm the trial court's judgment.

{¶2} DiBattista was indicted in two separate cases on three counts of Sexual Imposition, a misdemeanor of the third degree in violation of R.C. 2907.06(A)(1), and one count of Assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A). Each of the three Sexual Imposition charges alleged a juvenile victim ("Juvenile A,"

Juvenile B," and "Juvenile C"), and Juvenile C was the alleged victim of the Assault charge. At all relevant times leading to the indictments, DiBattista was a high school teacher, and each of the three identified victims were DiBattista's students during the 2018-2019 school year. DiBattista pled not guilty to the charges, and a bench trial was held on November 19, 2019. The two cases were consolidated and tried together. The trial court granted a Crim.R. 29 motion dismissing the counts pertaining to Juvenile A and Juvenile B.

{¶3} The state called four witnesses, in the following order: (1) the Portage County Detective ("Detective Zwick") that conducted the investigation into the allegations contained in the indictments, (2) Juvenile B, (3) Juvenile C, and (4) Juvenile A.

{¶4} Detective Zwick testified regarding her investigation into the allegations of sexual imposition against DiBattista. She reported speaking to several students about what they perceived as inappropriate contact by DiBattista, including what she characterized as an issue with understanding and respecting personal space. She also interviewed the three alleged victims, school administrators, and a representative for Jobs and Family Services. During the course of her investigation she received a short video recording, which depicted the alleged sexual contact with which DiBattista was accused as to Juvenile C. The recording was played during Detective Zwick's testimony and again during Juvenile C's testimony.

{¶5} Juvenile A and Juvenile B both testified about instances where they alleged DiBattista made inappropriate contact with them during class in the beginning of 2019. Neither juvenile could identify the approximate dates of the incidents they

2

described. Juvenile B testified regarding an incident where he was laying on a heater during DiBattista's class and DiBattista came up and laid on him for several seconds. Juvenile B characterized the incident as being done jokingly and stated that DiBattista would often act in a similar joking manner with students. Juvenile A described an instance where she requested help with a math problem from DiBattista during a test and—after approaching her and sitting diagonally from her—he placed the palm of his hand on her knee. Both juveniles felt that the contact was inappropriate, but neither could identify any other witnesses or evidence indicating that the incidents they described had occurred.

{¶6} Juvenile C testified regarding both the alleged assault and alleged sexual contact. She stated that, on one occasion, DiBattista walked up to her and punched her in the ribs with enough force to cause pain and a bruise. She stated that DiBattista apologized following the punch and stated that he did not mean to hit her so hard. She responded by telling him that "it was okay" because "she has brothers." She did not seek medical attention following the incident, and she did not follow the directions of her parents to notify the school principal, but she testified that she thought the contact was inappropriate.

{¶7} With regard to the Sexual Imposition charge, Juvenile C was shown the same video played during Detective Zwick's testimony, and she confirmed that she created the video before discussing the incident depicted. In the video, Juvenile C is shown making an uncomfortable face before the camera angle changes to show DiBattista apparently leaning back in a chair with the back of his head resting on her lap and his feet up on a table. Audio captured in the video suggested it was recorded

3

during a class in progress, as students can be heard in discussion. Juvenile C confirmed the video was made during a class in progress with several other students present in the room and that DiBattista was aware she was recording him.

{¶8} At the end of the state's case-in-chief, the defense made an oral motion for acquittal under Criminal Rule 29, which was granted on the Sexual Imposition allegations with regard to Juvenile A. The defense then rested without presenting any witnesses, and renewed the Criminal Rule 29 motion for acquittal, which was granted on the Sexual Imposition allegations with regard to Juvenile B. The two surviving counts were Sexual Imposition and Assault, both with Juvenile C as the alleged victim.

{¶9} After a brief recess, the trial court found DiBattista guilty on both remaining counts. The trial court stated:

> On Count 1, which is assault, the Court upon considering the evidence and the arguments of counsel makes a finding of guilty.
>
> On [the Sexual Imposition count], the elements that have to be proven in that case are that on or about between the 28th day of August and the 19th day of March the Defendant had sexual contact with Juvenile C, that's the way it is, and the Defendant knew that that sexual contact was offensive or was reckless in that regard and did knowing [sic] whether or not the sexual contact was offensive.
>
> The key issue in this case is the definition of sexual contact. The code section definition of sexual contact means any touching of an erogenous zone of another including without limitation the thigh, the genitals, the buttocks, the pubic region or if the person is a female, a breast for the purpose of sexually arousing or gratifying either person.
>
> The Court, upon considering the totality of the circumstances, the evidence and the arguments of counsel, makes a finding of guilty on that charge.

{¶10} After another brief recess, the following sentence was imposed:

4

Assault (R.C. 2903.13(A))—180 days in jail with 177 suspended, $100.00 fine and court costs imposed.

Sexual Imposition (R.C. 2907.06(A)(1))—60 days in jail with all 60 days suspended, $100.00 fine and court costs merged with those of the Assault charge.

{¶11} The suspensions were conditioned on a term of general supervision by the Portage County Adult Probation Department, two years concurrent on each count. DiBattista was also classified as a Tier I Sex Offender with all statutory requirements imposed. The sentences were then stayed pending the present appeal, on defense counsel's motion, following the posting of a $200.00 bond.

{¶12} DiBattista filed a timely notice of appeal for each case and raises four assignments of error for our review. The assignments challenge the sufficiency and manifest weight of the evidence for each conviction. We combine and consider the assignments of error out of order.

{¶13} DiBattista's second and fourth assignments of error state:

[2.] THE DENIAL OF APPELLANT'S CRIM. RULE 29 MOTION WAS MADE IN ERROR, AS THE GUILTY VERDICT FOR SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE MAJORITY OF THE EVIDENCE NEGATED A FINDING THAT APPELLANT'S CONDUCT WAS DONE FOR SEXUAL AROUSAL AND/OR GRATIFICATION.

[4.] THE DENIAL OF APPELLANT'S CRIM. RULE 29 MOTION WAS MADE IN ERROR, AS THE GUILTY VERDICT FOR ASSAULT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS THE MAJORITY OF THE EVIDENCE NEGATED A FINDING THAT APPELLANT'S CONDUCT WAS DONE "KNOWINGLY."

{¶14} "Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence*, offered in a trial, to support one side of the issue rather than the

5

other.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997) (emphasis sic), quoting *Black's Law Dictionary* 1594 (6th Ed.1990).

> 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.'

*Id.,* quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist.1983). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "'thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony." *Id.*, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

**Assignment of Error 2 - Sexual Imposition**

{¶15} DiBattista was charged with Sexual Imposition, a misdemeanor of the third degree in violation of R.C. 2907.06(A)(1), which states:

> (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
>
> > (1) The offender knows that the sexual contact is offensive to the other person, or one of the other persons, or is reckless in that regard.

{¶16} Pursuant to the statutory definition, the term "sexual contact" means "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B). This court has

6

previously held that "[a] touching alone is not sufficient for a conviction, but it can be strong evidence of intent." *State v. Griffiths*, 11th Dist. Trumbull No. 2000-T-0131, 2002 WL 5307, *3 (Dec. 28, 2001), citing *In re Anderson*, 116 Ohio App.3d 441, 444 (12th Dist.1996). A trier of fact "may infer from the evidence presented that the motivation for a defendant's actions was sexual arousal or gratification." *Id.*, citing *State v. Cobb*, 81 Ohio App.3d 179, 185 (9th Dist.1991).

{¶17} At trial, Juvenile C testified that DiBattista touched her thigh with the back of his head. The video presented to the trial court depicts this contact taking place, and Juvenile C confirmed through direct testimony. In addition, Juvenile C testified, and the video corroborates, that while laying with his head in her lap, DiBattista reached up and stroked her cheek and eyebrow with his index finger. The state argued that, given the circumstances and the classroom setting with DiBattista as a teacher and Juvenile C as his student, there could be no possible purpose for the contact other than sexual arousal or gratification. On appeal, the state further argues that DiBattista's actions are indicative of a sexual predator grooming a victim for sexual encounters. The state supports this theory with Juvenile C's testimony that DiBattista had made a comment early in the school year that she "had crumbs on her butt." The state argues that resting his head on Juvenile C's lap, when taken in totality with his comments and physical actions, resulted in DiBattista achieving his ultimate goal of engaging in sexual contact. This argument was not presented to the trial court, and it cannot be considered for the first time on appeal. However, the evidence cited in support of the argument was presented at trial.

7

{¶18} Ultimately, we cannot say the trial court's conclusion that DiBattista's contact was for the purpose of sexual arousal or gratification in violation of R.C. 2907.06(A)(1) was against the manifest weight of the evidence. The combination of DiBattista's previous comments about Juvenile C's appearance, his continued physical contact with her throughout the school year, and the physical contact captured on video by Juvenile C all support a conclusion by the finder of fact that DiBattista's failure to observe appropriate physical boundaries had the ultimate goal of his sexual arousal or gratification. Counsel's suggestion that his client was merely "joking around" belies the inappropriate nature of the contact.

{¶19} DiBattista's second assignment of error is without merit.

**Assignment of Error 4 - Assault**

{¶20} DiBattista was found guilty of Assault, a misdemeanor of the first degree in violation of R.C. 2903.13(A), which states: "No person shall knowingly cause or attempt to cause physical harm to another * * *." DiBattista maintains his conviction is against the manifest weight of the evidence because the state failed to prove that he knowingly caused physical harm when punching Juvenile C in the ribs because he intended to "joke around" rather than to cause harm. His argument is unpersuasive.

{¶21} "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). "'The legal concept of "knowingly" incorporates the scienter requirement that one ought to know one's actions will "probably cause certain results." The concept of reasonable probability literally

8

embraces the concept of foreseeability.'" *State v. Barker*, 11th Dist. Portage No. 2010-P-0044, 2012-Ohio-522, ¶114, quoting *State v. Magnusson*, 11th Dist. Lake No. 2006-L-263, 2007-Ohio-6010, ¶51. "Indeed, the [trier of fact], unable to enter the mind of another, is required to consider common-sense, causal probabilities in considering whether the defendant acted 'knowingly.'" *State v. Kelly*, 11th Dist. Portage No. 2010-P-0049, 2012-Ohio-523, ¶23.

{¶22} Here, the state presented the testimony of Juvenile C regarding the incident. She stated that DiBattista punched her in the ribs intentionally. Further, she stated that he apologized thereafter because he realized he had hit her very forcefully. DiBattista's argument that he only intended to strike Juvenile C as a joke is irrelevant to the determination of the "knowingly" element because it goes to his purpose in doing so. DiBattista intentionally struck Juvenile C while aware that his conduct would probably cause a certain result—physical harm—for which he apologized after recognizing he had struck Juvenile C with such force.

{¶23} Despite not reporting the incident or seeking medical attention, Juvenile C testified that she was in pain from the punch. This testimony was uncontroverted by other evidence or testimony, and the trial court was free to assess and weigh its credibility in determining whether DiBattista acted "knowingly." "'Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it.'" *State v. Grayson*, 11th Dist. Lake No. 2006-L-153, 2007-Ohio-1772, ¶31, quoting *Warren v. Simpson*, 11th Dist. Trumbull No. 98-T-0183, 2000 WL 286594, *3 (Mar. 17, 2000). We conclude that the verdict is not against the weight of the evidence.

{¶24} DiBattista's fourth assignment of error is without merit.

9

{¶25} DiBattista's first and third assignments of error state:

[1.] THE CONVICTION FOR SEXUAL IMPOSITION WAS BASED ON INSUFFICIENT EVIDENCE AS THE STATE FAILED TO PROVE THAT APPELLANT'S ACTIONS WERE TAKEN FOR THE PURPOSE OF SEXUAL GRATIFICATION.

[3.] THE CONVICTION FOR ASSAULT WAS BASED ON INSUFFICIENT EVIDENCE AS THE STATE FAILED TO PROVE THAT APPELLANT "KNOWINGLY" CAUSED PHYSICAL HARM TO THE ALLEGED VICTIM.

{¶26} "A challenge to the sufficiency of the evidence raises a question of law as to whether the prosecution met its burden of production at trial." *State v. Bernard*, 11th Dist. Ashtabula No. 2016-A-0063, 2018-Ohio-351, ¶56, citing *Thompkins, supra*, at 390 and *State v. Windle*, 11th Dist. Lake No. 2010-L-033, 2011-Ohio-4171, ¶25. "'In reviewing the record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."'" *Id.*, quoting *State v. Smith*, 80 Ohio St.3d 89, 113 (1997), quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307 (1979); *see also State v. Troisi*, 179 Ohio App.3d 326, 2008-Ohio-6062, ¶9 (11th Dist.). Where there is insufficient evidence, a conviction will be vacated. *Id.* at ¶55, citing *State v. Rose*, 11th Dist. Lake No. 2014-L-086, 2015-Ohio-2607, ¶32.

{¶27} A finding that a judgment is not against the manifest weight of the evidence necessarily means the judgment is supported by sufficient evidence. *State v. Arcaro*, 11th Dist. Ashtabula No. 2012-A-0028, 2013-Ohio-1842, ¶32. Having determined that DiBattista's convictions for Sexual Imposition and Assault are not

10

against the manifest weight of the evidence, it follows that they are supported by sufficient evidence.

{¶28} DiBattista's first and third assignments of error are without merit.

{¶29} The judgment of the Portage County Municipal Court, Ravenna Division, is affirmed.


THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.